*E-Filed: October 28, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FARI HOLDINGS, LTD., a Foreign Corporation,<br><br>                    Plaintiff,<br>          v.<br><br>INFO-DRIVE SOFTWARE, INC., a California Corporation,<br><br>                    Defendant.<br>_____/ | No. C13-02053 HRL<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF AND (2) STRIKING PLAINTIFF'S DEMAND FOR PUNITIVE AND EXEMPLARY DAMAGES**<br><br>**[Re: Docket No. 18]** |

Plaintiff Fari Holdings, Ltd. ("FHL") sues defendant Info-Drive Software, Inc. ("Info-Drive") for breach of contract and negligent misrepresentation for its alleged failure to repay a loan. Defendant moves to dismiss the claim for negligent representation pursuant to Fed. R. Civ. P. 12(b)(6) and Rule 9(b), as well as plaintiff's demand for punitive and exemplary damages. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers and the arguments of counsel at the hearing, the Court grants the motion to dismiss.

## BACKGROUND

FHL's principal, Arif Rahman, is a 5% shareholder of and frequent consultant for Info-Drive's parent company, IDS-India. Rahman has a long-standing personal and professional relationship with several executives and board members of Info-Drive and IDS-India who asked him

1 for a $1.6 million loan to finance the expansion of Info-Drive's business in California. It was
2 characterized as a bridge loan to be repaid as soon as possible after Info-Drive secured other
3 financing. Pursuant to this oral agreement, FHL transferred $1.6 million to Info-Drive in 2008.
4 Sporadic payments were made on the loan, and in April 2012 the agreement was put into a writing
5 which provided that the balance would be paid by May 30, 2012. During discussions leading up to
6 the writing, agents of Info-Drive and IDS-India represented that Info-Drive was able and willing to
7 repay the loan and that it was using the funds for the expansion of its business in California. FHL
8 asserts that Info-Drive had no such intentions and that it has not repaid the loan.

## LEGAL STANDARD

10 A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the
11 legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.
12 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient
13 facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901
14 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be
15 taken as true and construed in the light most favorable to the claimant. *Id.* However, "[t]hreadbare
16 recitals of the elements of a cause of action, supported by mere conclusory statements, do not
17 suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to
18 accept legal conclusions cast in the form of factual allegations if those conclusions cannot
19 reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-
20 55 (9th Cir. 1994).

21 Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
22 claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must
23 be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
24 U.S. 544, 555 (2007). However, only plausible claims for relief will survive a motion to dismiss.
25 *Iqbal*, 129 S. Ct. at 1950. A claim is plausible if its factual content permits the court to draw a
26 reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

27 "In alleging fraud or mistake, a party must state with particularity the circumstances
28 constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and

other conditions of a person's mind may be alleged generally." *Id.* "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1997 (N.D. Cal. 2010) (citing *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

A. Negligent Misrepresentation

Info-Drive asserts that the claim for negligent misrepresentation is barred by the economic loss rule. "The economic loss rule generally bars tort claims for contract breaches, thereby limiting contracting parties to contract damages." *United Guar. Mortg. Indem. Co. v. Countrywide Financial Corp.*, 660 F. Supp. 2d 1163, 1180 (C.D. Cal. 2009) (citing *Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000) ("A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations.")).

On the other hand, FHL contends that its claim falls within the "special relationship" exception to the economic loss rule. "California's economic loss rule has a . . . category of exceptions for breach of a noncontractual duty." *Id.* at 1181. "California courts have found exceptions to the economic loss rule in the noncontractual duty category where the conduct also . . . breaches a duty imposed by some types of 'special' or 'confidential' relationships . . . ." *Id.* However, FHL provides no support for its contention that Rahman's longstanding personal and professional relationship with directors and executives of Info-Drive and IDS-India constitutes a special relationship giving rise to a noncontractual duty, and the Court is unaware of any. The only authority FHL cites is *United Guar. Mortg. Indem.*, where the court specifically found that an approximately 40-year business relationship between the parties could not create a special relationship as a matter of law. *Id.* at 1187. Likewise, no special relationship exists here.

The California Supreme Court has left the door open for new exceptions to the economic loss rule for public policy reasons. *See Robinson Helicopter Co. v. Dana Co.*, 34 Cal. 4th 979, 991-992 (2004). FHL argues that this is such a situation "when the conduct in question is so clear in its deviation from socially useful business practices that the effect of enforcing such tort duties will be…to aid rather than discourage commerce." *See Erlich v. Menezes*, 21 Cal. 4th 543, 554 (1999). However, the court has also emphasized the rarity of exceptions to the general rule that "a business entity has no duty to prevent financial loss to others with whom it deals directly." *Quelimane Co. v. Steward Title Guar. Co.*, 19 Cal. 4th 26, 59 (1998). Furthermore, in formulating a new exception to the economic loss rule supported by public policy, the court focused on the intentional misconduct of the defendant and the plaintiff's exposure to personal liability independent of the contract, neither of which are alleged here. *See Robinson Helicopter*, 34 Cal. 4th at 990. Accordingly, the Court does not find that the negligent misrepresentation alleged by FHL was so egregious as to warrant an exception to the economic loss rule based on public policy considerations.

FHL's claim for negligent misrepresentation does not fall within an exception to the economic loss rule and is therefore barred. Accordingly, plaintiff's claim is dismissed without leave to amend.

B. Punitive and Exemplary Damages

California Civil Code § 3294 provides for punitive or exemplary damages "[i]n an action for the breach of an obligation *not* arising from contract." Cal. Civ. Code § 3294(a) (emphasis added). "Punitive damages aren't available in California for simple breaches of contract, no matter how willful." *Slottow v. American Cas. Co.*, 10 F.3d 1355." Plaintiff's sole remaining claim is for breach of contract, and thus, plaintiff's demand for punitive and exemplary damages is struck. *See, e.g.*, *Hofmayer v. Dean Witter & Co.*, 459 F. Supp. 733 (N.D. Cal. 1978) (striking demand for punitive damages where claim based solely on breach of contract).

**IT IS SO ORDERED.**

Dated: October 28, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C13-02053 HRL Notice will be electronically mailed to:**

David Edward Fink    dfink@kelleydrye.com, crossi@kelleydrye.com

Jared Matthew Goldstein    jared.goldstein@lw.com, alice.pai@lw.com, sandra.sudduth@lw.com

Philip D. Robben    probben@kelleydrye.com, docketing@kelleydrye.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**