**\*E-Filed: December 20, 2013\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FARI HOLDINGS, LTD., a Foreign Corporation<br><br>            Plaintiff,<br>  v.<br><br>INFO-DRIVE SOFTWARE, INC., a California Corporation<br><br>            Defendant. | No. C13-02053 HRL<br><br>**ORDER CONDITIONALLY GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW**<br><br>[Re: Docket No. 33] |

Fari Holdings, Ltd. ("FHL") sues Info-Drive Software, Inc. ("Info-Drive") for its alleged failure to repay a loan. Info-Drive, represented by Kelley Drye & Warren LLP ("Kelley Drye"), moved to dismiss FHL's second claim for relief, which was granted in October. Info-Drive has not filed an answer, the initial case management conference has not been held, and no discovery deadlines have been set. Kelley Drye now moves for permission to withdraw as counsel of record for Info-Drive. FHL filed a limited opposition, arguing that Kelley Drye should be permitted to withdraw but only after fulfilling its existing discovery obligations. The record presented indicates that Info-Drive was served with notice of Kelley Drye's motion. Having considered the moving and responding papers, the motion to withdraw is granted, subject to the condition that papers may continue to be served on Kelley Drye for forwarding purposes, unless and until defendant appears by other counsel.

1  "Counsel may not withdraw from an action until relieved by order of Court after written
2  notice has been given reasonably in advance to the client and to all other parties who have appeared
3  in the case."  Civ. L.R. 11-5(a).  "In the Northern District of California, the conduct of counsel is
4  governed by the standards of professional conduct required of members of the State Bar of
5  California, including the Rules of Professional Conduct of the State Bar of California." *Hill Design*
6  *Group v. Wang*, No. C04-00521, 2006 WL 3591206 at *4 (N.D. Cal., Dec. 11, 2006) (citing *Elan*
7  *Transdermal Limited v. Cygnus Therapeutic Systems*, 809 F. Supp. 1383, 1387 (N.D. Cal.1992)).
8  Those standards provide that an attorney may seek permission to withdraw if, among other things,
9  the client breaches an agreement or obligation to the attorney with respect to payment of expenses or
10  fees, or if the client's conduct renders it unreasonably difficult for the attorney to represent the client
11  effectively.  *Id.* (citing Cal. Rules of Professional Conduct Rule 3-700(C)(1)(d), (f)).

12  According to the moving papers, Kelley Drye has propounded monthly invoices on Info-
13  Drive pursuant to their written fee agreement, but Info-Drive has failed to pay.  Moreover, since
14  July, Kelley Drye has communicated to representatives of Info-Drive that it was in breach of the fee
15  agreement and that failure to resolve the breach would cause Kelley Drye to seek leave of the Court
16  to withdraw as counsel.

17  Because Info-Drive has failed to pay Kelley Drye pursuant to the written fee agreement and
18  the case is still in the early stages of litigation, the Court concludes that the motion to withdraw
19  should be granted, subject to the condition that papers may continue to be served on Kelley Frye for
20  forwarding purposes, unless and until Info-Drive appears by other counsel.  Civ. L.R. 11-5(b).  **Info-**
21  **Drive is advised that it may not appear pro se or through its corporate officers, but must**
22  **retain new counsel forthwith to represent it in this lawsuit**.  *See* Civ. L.R. 3-9(b) ("A
23  corporation, unincorporated association, partnership or other such entity may appear only through a
24  member of the bar of this Court"); *see also Rowland v. California Men's Colony*, 506 U.S. 194,
25  201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may
26  appear in the federal courts only through licensed counsel"); *In Re Highley*, 459 F.2d 554, 555 (9th
27  Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law").
28

2

1 **Info-Drive is further advised that it retains all of the obligations of a litigant, and its failure to appoint an attorney may lead to an order striking its pleadings or entry of its default**.

Info-Drive will be given 21 days from the date of this order to file its answer to the first amended complaint. Additionally, a Case Management Conference is set for January 28, 2014, at 1:30 p.m. to discuss further deadlines.

Kelley Drye shall promptly serve a copy of this order on Info-Drive and file a proof of service with the court.

**IT IS SO ORDERED.**

Dated: December 20, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-02053 HRL Notice will be electronically mailed to:**

David Edward Fink    dfink@kelleydrye.com, crossi@kelleydrye.com

Jared Matthew Goldstein    jared.goldstein@lw.com, alice.pai@lw.com, sandra.sudduth@lw.com

Philip D. Robben    probben@kelleydrye.com, docketing@kelleydrye.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**